IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| v. | § | CRIMINAL ACTION NO. 4:20-CR-231- |
| | § | ALM-CAN |
| DAVID LEE JONES (1) | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Now before the Court is the request for revocation of Defendant David Lee Jones's ("Defendant") supervised release. After the District Judge referred the matter to this Court for a report and recommendation, the Court conducted a hearing on September 7, 2021, to determine whether Defendant violated his supervised release. Defendant was represented by Brian O'Shea of the Federal Public Defender's Office. The Government was represented by Tracey Batson.

Defendant was sentenced on August 26, 2015, before The Honorable Ed Kinkeade of the Northern District of Texas, Dallas Division after pleading guilty to the offense of Count 1: Bank Robbery and Count 2: Attempted Bank Robbery, a Class C felony. This offense carried a statutory maximum imprisonment term of not more than 20 years. The guideline imprisonment range, based on a total offense level of 24 and a criminal history category of III, was 63 to 78 months. Defendant was subsequently sentenced to 63 months imprisonment followed by a 3-year term of supervised release subject to the standard conditions of release, plus special conditions to include mental health and substance abuse testing and treatment, financial disclosure, make monthly court-ordered child support payments, $100 special assessment, and $2,200 restitution. On August 6, 2019, Defendant completed his period of imprisonment and began service of the supervision term. On August 19, 2020, a transfer of jurisdiction was conducted and the defendant's case was transferred to the Eastern District of Texas and assigned to United States District Judge Amos L. Mazzant, III.

On January 25, 2021, the United States Probation Officer executed a Petition for Warrant or Summons for Offender Under Supervision [Dkt. 2, Sealed].  The Petition asserts that Defendant violated three (3) conditions of supervision, as follows: (1) The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance; (2) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician; and (3) Pursuant to the Mandatory Victims Restitution Act of 1996, the defendant is ordered to pay restitution in the amount of $2,200. If upon commencement of the term of supervised release any part of the restitution remains unpaid, the defendant shall make payments on such unpaid balance in monthly installments of not less than 10 percent of the defendant's gross monthly income, or at a rate of not less than $50 per month, whichever is greater. [Dkt. 2 at 1-2, Sealed].

The Petition alleges that Defendant committed the following acts: (1) (2) On July 15, 2020 and August 12, 2020, Defendant reported to the U.S. Probation Office and submitted urine specimens that tested positive for marijuana. Both specimens were confirmed positive by Alere Toxicology Services. On September 28, 2020, Defendant reported to the U.S. Probation Office and submitted a urine specimen that tested positive for cocaine. He verbally and in writing admitted to using cocaine. The specimen was confirmed positive by Alere Toxicology Services. On December 29, 2020, Defendant reported to the U.S. Probation Office and submitted a urine specimen that tested positive for cocaine. The specimen was confirmed positive by Alere Toxicology Services; (3) Defendant failed to make any monthly restitution payments for the months of January, February, March, April, May, June, July, August, September, October, November, and December 2020 [Dkt. 2 at 1-2, Sealed].

Prior to the Government putting on its case, Defendant entered a plea of true to allegations 2 and 3 of the Petition; the Government dismissed allegation 1.  Having considered the Petition and the plea of true to allegations 2 through 3, the Court finds that Defendant did violate his conditions of supervised release.

Defendant waived his right to allocute before the District Judge and his right to object to the report and recommendation of this Court [Dkt. 14].

## **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984, the Court recommends that Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons to be imprisoned for a term of eight (8) months, with a term of supervised release of twelve (12) months to follow.

The Court further recommends the imposition of the following special conditions: (1) You must provide the probation officer with access to any requested financial information for the purpose of monitoring efforts to obtain and maintain lawful employment and income as well as payment of restitution; (2) You must participate in a program of testing and treatment for substance abuse, and follow the rules and regulations of that program, until discharged. The probation officer, in consultation with the treatment provider, will supervise your participation in the program. You must pay any cost associated with treatment and testing; (3) You must participate in any combination of psychiatric, psychological, or mental health treatment programs, and follow the rules and regulations of that program, until discharged. This includes taking any mental health medication as prescribed by your treating physician. The probation officer, in consultation with the treatment provider, will supervise your participation in the program. You must pay any cost associated with treatment and testing; (4) You must make all court-ordered child support payments

on a timely basis, producing proof of payment to the probation officer within the first 5 days of each month, whether as part of a written report required by the probation officer or otherwise; (5) You must not incur new credit charges or open additional lines of credit without the approval of the probation officer unless payment of any financial obligation ordered by the Court has been paid in full.

The Court also recommends that Defendant be housed in the Bureau of Prisons facility at FCI Fort Worth, Texas, if appropriate.

**SIGNED this 22nd day of September, 2021.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE