IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § § |
| v. | § § § CRIMINAL NO. 4:20-CR-231-ALM-AGD |
| DAVID LEE JONES | § § § |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is the Government's request for revocation of Defendant's supervised release. After the District Court referred the matter to this Court for a report and recommendation, the Court conducted a hearing on May 7, 2024, to determine whether Defendant violated his supervised release. Defendant was represented by Federal Public Defender Brian O'Shea. The Government was represented by Assistant United States Attorney Michael Anderson.

On August 26, 2015, United States District Judge Ed Kinkeade, sentenced Defendant to a term of sixty-three (63) months imprisonment followed by three (3) years of supervised release. *See* Dkt. 20 at 1. The original offense for which Defendant was sentenced was Count 1: Bank Robbery and Count 2: Attempted Bank Robbery. *See id.* On August 6, 2019, Defendant completed his term of imprisonment and began serving the term of supervision. *See* Dkt. 2 at 1. On September 7, 2021, Defendant's original supervision was revoked, and Defendant was sentenced to eight (8) months imprisonment followed by a twelve (12) month term of supervised release. *See* Dkt. 20 at 1. On March 31, 2022, Defendant completed his second term of imprisonment and began serving his second term of supervision. *See id.*

On February 23, 2023, the U.S. Probation Officer filed the Petition for Warrant or Summons for Offender Under Supervision (the "Petition") (Dkt. 20), alleging Defendant violated

1

four conditions of supervised release. *See id.* at 1–2. The Petition asserts Defendant violated the following conditions of supervision: (1) Defendant must refrain from any unlawful use of a controlled substance; (2) Defendant must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses him from doing so; (3) Defendant must participate in a program of testing and treatment for substance abuse, and follow the rules and regulations of that program, until discharged; and (4) Defendant is ordered to pay restitution in the amount of $2,200, and if upon commencement of the term of supervised release, any part of the restitution remains unpaid, Defendant shall make payments on such unpaid balance in monthly installments of not less than ten percent of Defendant's gross monthly income, or at a rate of not less than $50 per month, whichever is greater. *See id.*

The Petition asserts Defendant violated the foregoing conditions as follows:

(1) On September 21, 2022, November 4, 2022, December 13, 2022, and January 25, 2023, Mr. Jones reported to the U.S. Probation Office and submitted urine specimens which tested positive for marijuana. All four specimens were confirmed positive by Alere Toxicology Services.

(2) Mr. Jones failed to obtain employment for the months of April, May, June, July, August, September, October, and November 2022, and was not excused by the probation officer.

(3) On February 5, 2023, Mr. Jones was unsuccessfully discharged from his substance abuse treatment at Fletcher Counseling in Plano, Texas, due to his excessive missed appointments and lack of commitment to the program. Additionally, Mr. Jones failed to report for random drug testing on July 20, 2022, and August 19, 2022.

(4) Mr. Jones failed to make any monthly restitution payments for the months of May, June, July, August, September, October, November, December 2022, and January 2023.

On May 7, 2024, the Court conducted a final revocation hearing on the Petition. *See* Dkt. 24. Defendant entered a plea of true to allegations one through four, consented to revocation of his supervised release, and waived his right to object to the proposed findings and

recommendations of the undersigned. *See id.*; Dkt 27. The Court finds Defendant violated the terms of his supervised release, and thus, his supervised release should be revoked.

## RECOMMENDATION

Pursuant to the Sentencing Reform Act of 1984, and having considered the arguments presented at the May 7, 2024 hearing, the Court recommends that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of seven (7) months on each count, to run concurrently with each other, with no supervised release to follow.

**So ORDERED and SIGNED this 13th day of May, 2024.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE